## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ABM INDUSTRY GROUPS, LLC, IMPERIAL PARKING (U.S.) LLC, INTERPARK, LLC, LAZ PARKING CHICAGO, LLC, and SP PLUS CORPORATION, | Civil Action _____ |
| Plaintiffs, | |
| v. | |
| JOHN COLI JR., CALEEN CARTER-PATTON, MICHAEL DeGARD, JOHN MCCARTHY, NICHOLAS MICALETTI, ROBERT SHEEHY, CARL TOMINBERG, GREGORY YOUMANS, 1300 W. Higgins Road, Suite 103 Park Ridge, IL 60068 TRUSTEES OF TEAMSTERS LOCAL UNION NO. 727 PENSION PLAN, | **VERIFIED COMPLAINT** |
| Defendants. | |

**INTRODUCTION**

ABM Industry Groups, LLC, Imperial Parking (U.S.) LLC, InterPark, LLC, LAZ Parking, Chicago, LLC, and SP Plus Corporation (collectively, "Plaintiffs"), by and through their attorneys, bring this action against John Coli, Jr., Caleen Carter-Patton, Michael DeGard, John McCarthy, Nicholas Micaletti, Robert Sheehy, Carl Tominberg, and Gregory Youmans (collectively, "Defendant Trustees") as Trustees of Teamsters Local Union No. 727 Pension Plan (the "Pension Fund") for breaching their fiduciary duties in violation of the Employee Retirement Income Security Act of 1974, as amended, Pub. L. No. 93-406, 29 U.S.C. §§ 1001-1461 ("ERISA").

Specifically, Defendant Trustees amended the Pension Fund's Restated Agreement and Declaration of Trust (the "Trust Agreement") to give John McCarthy, Robert Sheehy, Carl Tominberg and Gregory Youmans (the "Employer Trustees") exclusive control over the Employer

142025452.7

Trustees' own removal as Trustees from the Pension Fund and appointment of the Employer Trustees' own successors. This entrenchment of the Employer Trustees violates ERISA.

By their conduct, the Defendant Trustees breached their fiduciary duties under Sections 404(a)(1)(A), (B) and (D) of ERISA, 29 U.S.C. § 1104(a)(1)(A), (B) and (D) to act in the best interests of the Pension Fund's participants and beneficiaries with care, skill, prudence and diligence and to follow the documents and instruments governing the Pension Fund.

For these reasons, Plaintiffs respectfully request the Court to find and issue a declaratory judgment that the provision in the Trust Agreement concerning the removal and appointment of Employer Trustees is violative of ERISA. Plaintiffs further request that the Court prohibit and enjoin Defendant Trustees from making any further amendments to the Trust Agreement designed to entrench and prohibit the removal of the Employer Trustees and depriving the Plaintiffs of the ability to remove and appoint the Employer Trustees as was their right under the Trust Agreement prior to the unlawful amendment at issue.

## I.    PARTIES

1.    ABM Industry Groups, LLC is an employer within the meaning of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.*, and ERISA, 29 U.S.C. § 1001 *et seq.* ABM Industries, Inc. maintains its headquarters at One Liberty Plaza, 7th Floor, New York, New York.

2.    Imperial Parking (U.S.), LLC, is an employer within the meaning of the LMRA, 29 U.S.C. § 141 *et seq.*, and ERISA, 29 U.S.C. § 1001 *et seq.* Imperial Parking (U.S.), LLC maintains its headquarters at 954 W. Washington Blvd, Suite 400, Chicago, Illinois.

142025452.7

3.      Interpark, LLC is an employer within the meaning of the LMRA, 29 U.S.C. § 141 *et seq.*, and ERISA, 29 U.S.C. § 1001 *et seq.*  InterPark, LLC maintains its headquarters at 200 N. LaSalle St., Suite 400, Chicago, Illinois.

4.      LAZ Parking Chicago, LLC is an employer within the meaning of the LMRA, 29 U.S.C. § 141 *et seq.*, and ERISA, 29 U.S.C. § 1001 *et seq.*  LAZ Parking Chicago, LLC maintains its headquarters at One Financial Plaza, 14th Floor, Hartford, Connecticut.

5.      SP Plus Corporation is an employer within the meaning of the LMRA, 29 U.S.C. § 141 *et seq.*, and ERISA, 29 U.S.C. § 1001 *et seq.*  SP Plus Corporation maintains its headquarters at 200 E. Randolph Street, Suite 7700, Chicago, Illinois.

6.      Defendant Trustees John Coli, Jr., Caleen Carter-Patton, Michael DeGard, John McCarthy, Nicholas Micaletti, Robert Sheehy, Carl Tominberg, and Gregory Youmans are Trustees of the Pension Fund.  As such, they are fiduciaries of the Pension Fund, as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7.      The Pension Fund is a multiemployer pension plan within the meaning of ERISA §§ 3(2), (3) and (37), 29 U.S.C. §§ 1002(2), (3) and (37), that provides retirement benefits to collectively bargained employees in industries represented by the Teamsters Local Union No. 727 (the "Union").

## II.      STATUTORY AUTHORITY, JURISDICTION AND VENUE

8.      This action is brought under ERISA.  Plaintiffs seek injunctive and declaratory relief to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I

142025452.7

of ERISA, 29 U.S.C. §§ 1104(a)(1)(A), 1104(a)(1)(B), 1104(a)(1)(D), 1109, 1132(a)(2), 1132(a)(3), and 28 U.S.C. §§ 1331 and 1332.

9. This Court has jurisdiction of this action pursuant to Section § 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

10. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Defendant Trustees conduct business in this district through their administration of benefits to participants at the Pension Fund's office located at 1300 W. Higgins Road, Suite 103, Park Ridge, Illinois.

## III.  FACTS COMMON TO ALL COUNTS

### The Collective Bargaining Relationship

11. Plaintiffs all are engaged in the business of parking garage operations in the Chicagoland area.

12. Plaintiffs engage in coordinated bargaining with the Union and are all bound to collective bargaining agreements with the Union.

13. The terms of the collective bargaining agreements require, among other things, that Plaintiffs make contributions to the Pension Fund on behalf of employees in certain classifications who perform certain work covered by the terms of the collective bargaining agreements.

14. Certain of Plaintiffs are among the largest contributing employers to the Pension Fund. Over the years Plaintiffs ABM Industry Groups, LLC and SP Plus Corporation have been identified in public reports filed by the Pension Fund as employers that contributed more than 5% of the total contributions to the Pension Fund in a particular year.

### The Pension Fund's Trust Agreement

142025452.7

15.     The Fund is a multi-employer, jointly trusteed fringe benefit plan created and maintained pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

16.     The Fund is governed according to the terms of the Trust Agreement.

17.     The Trust Agreement sets forth certain requirements related to the administration of the Pension Fund including, among other things, the procedure for the appointment and removal of Trustees of the Pension Fund.

18.     Consistent with the requirements of the LMRA, the Pension Fund's Board of Trustees is comprised of an equal number of representatives of the Teamsters Local Union No. 727 (the "Union Trustees") and contributing employers to the Pension Fund (the "Employer Trustees").

19.     Defendants John Coli, Jr., Caleen Carter-Patton, Michael DeGard and Nicholas Micaletti are the Union Trustees.

20.     Defendants John McCarthy, Robert Sheehy, Carl Tominberg, and Gregory Youmans are the Employer Trustees whose removal and appointment is the subject of this lawsuit.

### July 25, 2000, Trust Agreement

21.     The Pension Fund's Trust Agreement was updated into the Restated Agreement and Declaration of Trust on July 25, 2000 (the "2000 Trust Agreement"). A true and correct copy of the 2000 Trust Agreement is attached hereto as *Exhibit A.*

22.     Article 4 of the Trust Agreement, titled "Appointment, Removal, Voting and Resignation of Trustees," sets forth the procedure for the appointment and removal of trustees.

23.     Article 4.03 provides the procedure for removal of a trustee:

4.03.   Any Union Trustee may be removed from office by the Union at any time. An Employer Trustee may be removed from office at any time by a weighted vote of the Employers who have made Contributions to the Fund during the three months preceding the voting. Each such Employer shall have a number of votes equal to

5

the amount of Contributions (other than delinquent Contributions) paid by that Employer during said three-month period.  Such vote shall be conducted whenever a request is supported by Employers who have contributed twenty-five percent (25%) of the Contributions (other than delinquent Contributions) received by the Fund during the three (3) months preceding the request.

24.     Article 4.04(a) provides the procedure for appointment of a trustee:

<u>4.04</u>.   (a)  In the event of the death, removal, incapacity to act, or resignation of an Employer Trustee, a successor Trustee shall be appointed by the remaining Employer Trustee, if any.  If no Employer Trustee is serving, nominations shall be solicited and an election conducted in accordance with the procedures set forth in Section 4.03.  In the event of the death, removal, incapacity to act, or resignation of a Union Trustee, a successor Union Trustee shall be appointed by the Union.

25.     Under the 2000 Trust Agreement an employer trustee could be removed by a vote of the Pension Fund's contributing employers, like Plaintiffs.  If all the employer trustees were removed, their replacements would be appointed by a vote of the Pension Fund's contributing employers, like Plaintiffs.

## February 24, 2005, Amendment to the Trust Agreement

26.     On February 24, 2005, the Trustees adopted an amendment to the Trust Agreement concerning the appointment and removal of employer trustees (the "February 2005 Amendment").  A true and correct copy of the February 2005 Amendment is attached hereto as *Exhibit B.*

27.     Article 4.03, regarding the removal of a trustee, was amended and replaced by the following:

<u>4.03</u>.  Any Union Trustee may be removed from office by the Union at any time.  An Employer Trustee may be removed from office by the unanimous vote of the other two (2)[1] Employer Trustees.

---

[1] A subsequent amendment in December 2007 expanded the number of Trustees on the Board to four (4) Employer Trustees.   A true and correct copy of the amendment effective December 19, 2007, is attached hereto as *Exhibit C.*   The subsequent amendment did not change the provisions affected by the February 2005 Amendment.

142025452.7

28.     Article 4.04(a) regarding the appointment of a trustee was amended and replaced by the following:

> 4.04.    (a)  In the event of the death, removal, incapacity to act, or resignation of an Employer Trustee, a successor Trustee(s) shall be appointed by the remaining Employer Trustee(s).  In the event of the death, removal, incapacity to act or resignation of a Union Trustee, a successor Union Trustee shall be appointed by the Union.

29.     Under the February 2005 Amendment an employer trustee could only be removed by other employer trustees, and the appointment of a successor trustee was controlled by the other employer trustees.  No longer could contributing employers, like Plaintiffs, vote to remove or appoint employer trustees.

30.     On information and belief Defendant Trustees adopted the February 2005 Amendment for the purpose of entrenching the Employer Trustees and insulating them from any and all oversight on behalf of the plan's participants and beneficiaries.

## Plaintiffs' Objections to the February 2005 Amendment

31.     By letter dated November 8, 2022, Plaintiffs notified the Defendant Trustees that by limiting the power to remove and appoint Employer Trustees to the then serving Employer Trustees the February 2005 Amendment violated ERISA.  A true and correct copy of the letter dated November 8, 2022 is attached hereto as *Exhibit D*.   Plaintiffs demanded that Defendant Trustees amend the Trust Agreement to restore the procedure for removal and appointment of Trustees under the 2000 Trust Agreement.

32.     Over the course of the following months Plaintiffs attempted to resolve the matter with Defendant Trustees but to no avail.

33.     On information and belief Defendant Trustees are meeting on Wednesday, January 25, 2023.  On information and belief Defendant Trustees are preparing to further amend the Trust

Agreement to facially cure the unlawful provision of the February 2005 Amendment but maintain the entrenchment of the Employer Trustees by protecting the Employer Trustees from removal and depriving the Plaintiffs of the ability to remove and appoint the Employer Trustees as was Plaintiffs' right under the 2000 Trust Agreement.

### ERISA

34.     Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), provides in relevant part: "…a person is a fiduciary with a plan to extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of assets …. or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."

35.     Section 404(a)(1)(A), (B) and (D) of ERISA, 29 U.S.C. §§ 1104(a)(1)(A), (B), and (D), provides in relevant part:

> "… a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and – (A) for the exclusive purposes of: (1) providing benefits to participants and beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; and … (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [ERISA]."

36.     ERISA Section 409(a), 29 U.S.C. § 1109(a) provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary…

### COUNT I: VIOLATION OF ERISA

8

37. Plaintiffs repeat and incorporate the allegations of paragraphs 1 - 36 of the Verified Complaint as if fully set forth herein.

38. Plaintiffs bring this claim under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enjoin the Defendant Trustees from enforcing the February 2005 Amendment as violative of ERISA, and to obtain appropriate equitable relief.

39. By adopting the February 2005 Amendment, Defendant Trustees have violated ERISA Section 404(a)(1)(A), (B) and (D), 29 U.S.C. § 1104(a)(1)(A), (B) and (D) by failing to act solely in the best interests of the participants and beneficiaries, by failing to act with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, and by failing to act in accordance with the documents and instruments and documents governing the Pension Fund insofar as they are consistent with ERISA.

40. The February 2005 Amendment to the Trust Agreement placing removal and appointment authority solely in the hands of incumbent trustees allowing them to serve indefinite terms, appoint their successors, and restricting their removal to other Employer Trustees is excessive entrenchment and violates ERISA.

## COUNT II: DECLARATORY JUDGMENT

41. Plaintiffs repeat and incorporate the allegations of paragraphs 1 – 40 of the Verified Complaint as if fully set forth herein.

42. Plaintiffs bring this claim for declaratory judgment under Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201, 2202.

43. The February 2005 Amendment operates to entrench incumbent Employer Trustees and to prevent oversight and monitoring of the Employer Trustees.

9

44.     ERISA fiduciaries violate their duties of loyalty and prudence by entrenching themselves in their positions, and by entering into arrangements that are not terminable on reasonably short notice.

45.     The February 2005 Amendment to the Trust Agreement placing removal and appointment authority solely in the hands of incumbent trustees allowing them to serve indefinite terms, appoint their successors, and restricting their removal to other Employer Trustees is excessive entrenchment and violates ERISA.

## COUNT III: INJUNCTIVE RELIEF

46.     Plaintiffs repeat and incorporate the allegations of paragraphs 1 – 45 of the Verified Complaint as if fully set forth herein.

47.     Plaintiffs are entitled to an injunction restraining Defendant Trustees from their violations of their fiduciary duties under ERISA, and from any taking any further actions to amend the Trust Agreement.

48.     Plaintiffs have and will continue to suffer irreparable harm as the continuance of the Employer Trustees serving contrary to the wishes of the contributing employers to the Pension Fund and governing documents of the Pension Fund - excepting the invalid and unlawful February 2005 Amendment - inherently causes irreparable injury.

49.     Plaintiffs have a substantial likelihood of success on the merits with respect to the claim that the February 2005 Amendment violates ERISA by entrenching the Employer Trustees.

WHEREFORE, Plaintiffs request the Court to enter judgment in their favor against the Defendant Trustees and request the following relief:

(a) A finding that the Defendant Trustees have violated ERISA through adoption of the February 2005 Amendment;

10

142025452.7

(b) A declaratory judgment that the February 2005 Amendment is in violation of ERISA and therefore null and void;

(c) An injunction prohibiting Defendant Trustees from taking any action under the February 2005 Amendment;

(d) An injunction prohibiting Defendant Trustees from further amending the Trust Agreement; and

(e) An award of attorneys' fees and costs.


Dated: January 24, 2023                    Respectfully submitted,


/s/ *Marc C. Smith*
Marc C. Smith, Esq. (IL Bar No. 6189574)
FOX ROTHSCHILD LLP
321 N. Clark Street, Suite 1600
Chicago, IL 60654
(312) 517-9200 (telephone)
(312) 517-9201 (facsimile)
mcsmith@foxrothsdchild.com

Michael G. McNally
(*Pro hac vice* admission forthcoming)
mmcnally@foxrothschild.com
Colleen McGarry
(*Pro hac vice* admission forthcoming)
cmcgarry@foxrothschild.com
FOX ROTHSCHILD, LLP
City Center
33 South Sixth Street, Suite 3600
Minneapolis, MN 55402

*Attorneys for Plaintiffs*

142025452.7

## VERIFICATION

I, Brett Harvey, declare as follows:

    1.  I am employed by Plaintiff SP Plus Corporation in this matter as Vice-President Employee / Labor Relations.

    2.  I have personal knowledge of the factual statements in this Verified Complaint, and if called on to testify I would competently testify as to the matters stated herein.

    3.  I verify under penalty of perjury under the laws of the United States of America that the factual statements in the Verified Complaint are true and correct. 28 U.S.C. § 1746.

Executed on January 24, 2023

_____
Brett Harvey

142025452.7